```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS DIXON,

                Plaintiff,
                                          MEMORANDUM & ORDER
        -against-                         17-CV-1195(JS)(AKT)

BERNADETTE MINGLON; KIM ROGNON,
Ronkonkoma Train Clerk #29923;
DETECTIVE RICHARD MATTERA Shield
#1009; MTA POLICE SERGEANT O'LEARY
SEAN, MTA Shield #2188; P.O. FINTER,
MICHAEL Shield #2084; L.I.R.R.
CLEANER JOSEPH VEZZA, IBM #23513;
P.O. RINALDI GARY, Shield #312;
MTA POLICE STEVEN KENNEY, Shield
#2127; DETECTIVE KIRSCH ALLEN,
#K-9-17; MTA PANNEBACKER DAVID,
Shield #2195; CAPTAIN BOYLE N.;
MTA P.O. SHERIDAN PATRICK Shield
#2247; LIEUTENANT LASKOWITZ; and
SGT. CONGRO RICHARD, Shield #333;

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Thomas Dixon, pro se
                   13-A-3136
                   Sullivan Correctional Facility
                   P.O. Box 116
                   Fallsburg, NY 12733-0116

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On January 30, 2017, incarcerated pro se plaintiff Thomas Dixon ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") in the United States District Court for the Western District of New York, together with an application to proceed in forma pauperis, against Bernadette Minglon ("Minglon"); Kim Rognon, Ronkonkoma Train Clerk #29923 ("Rognon"); Detective

Richard Mattera, Shield #1009 ("Det. Mattera"); MTA Police Sergeant Sean O'Leary, MTA Shield #2188 ("Sgt. O'Leary"); P.O. Michael Finter, Shield #2084 (P.O. Finter"); L.I.R.R. Cleaner Joseph Vezza, IBM #23513 ("Vezza"); P.O. Gary Rinaldi, Shield #312 ("P.O. Rinaldi"); MTA Police Steven Kenney, Shield #2127 ("P.O. Kenney"); Detective Allen Kirsch, #K-9-17 ("Det. Kirsch"); MTA P.O. David Pannebacker, Shield #2195 ("P.O. Pannebacker"); Captain N. Boyle ("Capt. Boyle"); MTA P.O. Patrick Sheridan, Shield #2247 ("P.O. Sheridan"); Lieutenant Laskowitz ("Lt. Laskowitz"); and Sgt. Richard Congro, Shield #333 ("Sgt. Congro" and collectively "Defendants"). By Order dated February 8, 2017, Judge Charles J. Siragusa transferred the Complaint to the United States District Court for the Eastern District of New York, and, on March 2, 2017, it was assigned to the undersigned.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND

Plaintiff is no stranger to this Court. On July 13,

2

2015, Plaintiff filed a Complaint ("Dixon I") in this Court against largely the same Defendants as the instant matter alleging substantially similar claims arising from the same event. (Dixon I, Case Number 15-CV-4282(JS)(AKT).) Dixon I was dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). (See Dixon I, Mem. & Order Nov. 5, 2015, Docket Entry 12.) Plaintiff filed a Notice of Appeal on December 10, 2015, and by Mandate dated March 8, 2016, the appeal was dismissed. (See Dixon I, Mandate, Docket Entry 17.)

The instant Complaint again seeks to challenge Plaintiff's underlying state court criminal conviction and also now challenges the dismissal of Dixon I. Plaintiff alleges that the dismissal of Dixon I, including the appeal, was "unfair." (Compl. at 5.) Plaintiff also claims that he was "uncomfortable" with "Judge A. Kathleen A. Tomlinson who kept denying me my appeals" and "protected another Judge Barbara Kahn who sentence[d] me to a sentence thats not in the Penal Law . . . ." (Compl. at 5-6.)[1] As a result of the foregoing, Plaintiff claims to now take "psyche medication because its very hard for me to sleep at night", seeks

---

[1] The Court notes that, although Plaintiff does not name Judges Tomlinson or Kahn as defendants, given that Plaintiff seeks to challenge actions undertaken by them in their respective judicial functions, any claims against these judges would be barred by absolute judicial immunity. Mireles v. Waco, 502 U.S. 9, 11–12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities).

3

to recover a monetary award of $2.5 million, and requests that Det. Mattera be fired. (Compl. at 6.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility

4

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d

5

217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

   A. Res Judicata and Collateral Estoppel

Notwithstanding the liberal construction afforded to pro se pleadings, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of res judicata and collateral estoppel limit such review. See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (res judicata); Johnson v. Watkins, 101 F.3d 792, 794-95 (2d Cir. 1996) (collateral estoppel). Res judicata prevents a party from re-litigating issues that were or could have been brought in a prior action. See, e.g., Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767, 772 (1979). Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999) (citations and internal quotation marks omitted). A district court has not only the power but the obligation to dismiss complaints sua sponte on res judicata grounds when the litigation history triggers it. Salahuddin, 992 F.2d at 449; Krepps v. Reiner, 377 F. App'x 65, 66-67 (2d Cir. 2010) (Courts have the authority to raise res judicata issues sua sponte).

Similarly, "[c]ollateral estoppel, like the related

doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). Additionally, the doctrines of res judicata and collateral estoppel apply to pro se litigants. Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002).

Here, as the Court can best discern, Plaintiff's claims against Defendants arise out of the same nucleus of facts that he alleged in Dixon I and which were dismissed with prejudice on the merits. See, e.g., Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("[D]ismissal for failure to state a claim [under section 1915(e)(2)(B)(ii)] is a final judgment on the merits and thus has res judicata effects"). Because a final judgment on the merits of a case will bar any subsequent litigation by the same parties concerning the transaction out of which the first action arose, Plaintiff's Section 1983 claims cannot proceed. Indeed, "[o]nce a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties, or those in privity with the parties, concerning the transaction or series of connected transactions out of which the first action arose." Manko v. Steinhardt, 12-CV-2964, 2012 WL

7

2367092, *2 (E.D.N.Y. June 20, 2012). Accordingly, the 1983 claims against Defendants are precluded and the Complaint is DISMISSED WITH PREJUDICE to 28 U.S.C. § 1915(e)(2)(B)(ii).[2] Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state laws claims Plaintiff may have and any such claims are thus DISMISSED WITHOUT PREJUDICE. See 28 U.S.C. § 1367(c)(3); see also Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988) (a federal court should generally decline to exercise supplemental jurisdiction over state law claims if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's federal claims are dismissed in the litigation's 'early stages.').

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity

---

[2] Insofar as Plaintiff seeks to challenge the fact and/or duration of his confinement, the dismissal of his Complaint is without prejudice to his filing a Petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Such a Petition has strict timeliness and exhaustion requirements and the Court makes no determination on those issues here.

8

to amend, leave to amend the Complaint is DENIED.

However, insofar as Plaintiff seeks to challenge his state court criminal conviction, the dismissal of the instant Complaint is WITHOUT PREJUDICE to his filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Plaintiff is cautioned that a Petition for a Writ of Habeas Corpus has certain prerequisites to filing in this Court, such as the exhaustion of Constitutional claims in state court.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state laws claims Plaintiff may have and any such claims are thus DISMISSED WITHOUT PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August __18__, 2017
       Central Islip, New York